Roy Frank GODBEY, Plaintiff In Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16902.

Court of Criminal Appeals of Oklahoma.

April 19, 1972.

John Connolly, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L. Hartmann, Asst. Atty. Gen., for defendant in error.

### MEMORANDUM OPINION

SIMMS, Judge:

This is an appeal from the denial of post conviction relief in the District Court of Oklahoma County, Oklahoma, Case Number 19098, wherein the trial court, after reviewing the records, conducted an evidentiary hearing which formed the basis for findings of fact and conclusions of law, which findings of fact and conclusions of law are supported by the record and are adopted by this Court and appended hereto.

For the reasons stated therein, the trial court's denial of post conviction relief is affirmed, and the plaintiff is advised that he has exhausted all his state remedies.

BUSSEY, P. J., concurs.

BRETT, J., concurs in result.

### APPENDIX

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

The State of Oklahoma,

Plaintiff,

—vs—                                    NO. 19098

Roy Frank Godbey,

Defendant.

## POST-CONVICTION ORDER

Court records reflect judgment and sentence was pronounced against this defendant on March 25, 1949, committing him to life imprisonment for the crime of murder after a jury verdict finding him guilty as charged and assessing his punishment at imprisonment for life. Thereafter defendant filed his Application for Post-Conviction Relief, dated January 8, 1971, upon a form authorized by the Court of Criminal Appeals. On May 4, 1971, defendant filed an amendment to his Application.

Defendant's Application sets forth the following grounds for post-conviction relief:

(1) inadequate counsel;

(2) denial of right to appeal his conviction;

(3) directed verdict of guilty;

(4) improper instructions;

(5) violation of the defendant's rights under the 6th and 14th amendments of the U.S. Constitution in the following manner:

   a. prejudicial pre-trial publicity;

   b. failure of trial court to order change of venue;

   c. denial of counsel during custodial interrogation proceedings;

   d. failure to advise defendant of right to remain silent.

An evidentiary hearing was held on May 7, 1971, upon the defendant's Application with defendant appearing in person and by his attorney, John Connolly, and The State of Oklahoma appearing by the District Attorney, Curtis P. Harris.

## FINDINGS OF FACT:

1. The transcript of the proceedings and the court's instructions are not available for inspection.

2. The defendant was represented by adequate and competent counsel.

3. The defendant knew and was properly advised of his right to appeal the conviction.

4. The trial court did not direct the jury to return a verdict of guilty.

5. There is no evidence that pre-trial publicity prejudiced the trial of this defendant.

## CONCLUSIONS OF LAW:

1. The procedural guarantees of the Constitution of the United States, set forth in Escobedo and Miranda, should not be applied retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

2. The conviction of this defendant was not obtained in violation of the Constitution of the United States or the Constitution of the State of Oklahoma.

It is the Order of this Court that the defendant, Roy Frank Godbey, is not entitled to post-conviction relief and his Application is hereby denied. The defendant is notified that this is a final judgment and may be appealed to the Court of Criminal Appeals on a petition in error within thirty (30) days from the entry of this judgment.

Dated this 4th day of August, 1971.

(s) Fenton R. Ramey

FENTON R. RAMEY
DISTRICT JUDGE